IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Gustavo J. Olson,<br><br>                Defendant/Movant. | No. CV- 16-02763-PHX-GMS (JZB)<br>CR 09-01045-PHX-GMS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Movant Gustavo J. Olson has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)[1]

**I.   SUMMARY OF CONCLUSION**

On September 21, 2011, the Court sentenced Movant to 60 months imprisonment and five years of supervised release. Movant did not file an appeal. The Motion was due on October 5, 2012, but it was not filed until August 11, 2016. Because there are no grounds for equitable tolling, the Court concludes that Movant's claims are untimely. Therefore, the Court will recommend that the Motion be denied and dismissed with prejudice.

**II.   BACKGROUND**

    **a.  Facts and Proceedings**

---

[1] Citations to "Doc." are to the docket in CV-16-02763-PHX-GMS (JZB). Citations to "CR Doc." are to the docket in the underlying criminal case, CR 09-01045-PHX-GMS.

On April 18, 2009, an Indictment charged Movant and three others with Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine (Count One) and Use of a Firearm in Furtherance of a Drug Trafficking Offense (Count Two). (CR Doc. 27.) On July 9, 2010, Movant pleaded guilty to a lesser-included offense of Count One pursuant to a plea agreement. (CR Doc. 131.) The factual basis in Movant's plea agreement stated the following:

> On or about July 28, 2009, in Phoenix, Arizona, I, GUSTAVO J. OLSON, met with Ricardo J. Nelthrope, Tremaine C. Nelthrope, and Willie R. Dudley, Jr., and other individuals to discuss the theft of cocaine from a house in Phoenix. We were told that there would be a house near West Van Buren Road that would have approximately 20-30 kilograms of cocaine inside, and there would be individuals guarding the cocaine inside. On July 28, 2009, Ricardo J. Nelthrope, Tremaine C. Nelthrope, Willie R. Dudley, Jr., and I brought a loaded rifle and a Glock pistol with ammunition to use during the robbery. It was my intent to help the group steal the cocaine, and in return I would receive a portion of the cocaine. I knew that the stolen cocaine would later be sold or traded by others in the conspiracy. I was arrested by agents before we could drive to the house that we were told had cocaine inside.

(CR Doc. 132 at 6.)

### b. Sentencing

On September 21, 2011, the Court sentenced Movant to 60 months imprisonment and five years of supervised release. (CR Doc. 198 at 1-2.)

### c. Direct Appeal

Movant did not file a direct appeal. (Doc. 1 at 2.)

### d. Request for Sentence Reduction

On February 2, 2015, Movant filed a request for consideration of a "2-point reduction." (CR Doc. 236 at 1.) On June 10, 2015, counsel for Movant filed a Notice advising "there is no basis for counsel to file a Motion for Sentence Reduction or seek a stipulation under the retroactive application of Amendment 782 to the United States Sentencing Guidelines ('USSG')." (CR Doc. 247 at 1.) On September 30, 2015, the Court denied the motion. (CR. Doc. 250.)

### III. MOTION TO VACATE

On August 11, 2016, Movant filed a Motion to Vacate by placing the Motion in the prison mailing system. (Doc. 1.) Movant "alleges that counsel rendered ineffective assistance of counsel by failing to inform Movant of the deportation consequences of his guilty plea prior to Movant signing the plea." (Doc. 3 at 2.)

On November 23, 2016, Respondent filed a Response. (Doc. 8.) Movant did not file a reply.

### IV. DISCUSSION

Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

#### a. The Motion is untimely.

The AEDPA provides a one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255. Section 2255(f) provides that the one-year limitations period runs from the latest of the dates determined by applying §§ 2255(f)(1) through (f)(4). Pursuant to 28 U.S.C. § 2255(f)(1), a "1-year period of limitation shall…run from…the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The conviction becomes final for purposes of § 2255(f)(1) upon the expiration of the time to seek direct review, which is 14 days after the entry of judgment. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (finding "the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal."); *United States v. Colvin*, 204 F.3d 1221, 1222 (9th Cir. 2000) ("a judgment becomes final when the time has passed for appealing the district court's entry of the judgment"); Fed. R. App. P. 4(b)(1)(A) (criminal defendant's notice of appeal must be filed in district court within 14 days of entry of judgment).

Here, Movant did not file an appeal. (Doc. 1 at 2.) Movant was sentenced on September 21, 2011. (CR Doc. 198 at 1-2.) The Motion was due on October 5, 2012, but

- 3 -

it was not filed until August 11, 2016.

### b. Movant is not entitled to equitable tolling.

The statute of limitations may be equitably tolled in a 28 U.S.C. § 2255 action if "(1) the petitioner has diligently pursued his rights, and (2) extraordinary circumstances exist." *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden to establish the requirements of equitable tolling is on Movant. *Pace*, 544 U.S. at 418. "Equitable tolling is not even a possibility until a petitioner submits proof that external forces, and not a petitioner's lack of diligence, accounted for the failure to file a timely petition." *Smith v. Ratelle*, 323 F.3d 813, 821 (9th Cir. 2003).

Movant asserts his Motion is untimely because "Defendant is ignorant to law and just recently was informed of 28 U.S.C. § 2255 while being detained by I.C.E. at an I.C.E. detention center." (Doc. 1 at 9.)

Movant's ignorance of law is insufficient to warrant equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"). Movant has failed to show extraordinary circumstances stood in his way and prevented him from filing a timely motion.

### V. EVIDENTIARY HEARING

An evidentiary hearing is not warranted regarding Movant's claims, including equitable tolling, because the record is sufficiently developed to resolve the question of whether the Motion is timely. A habeas petitioner asserting equitable tolling "should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)). An evidentiary hearing is not mandatory. Here, Movant does not present a good-faith allegation warranting equitable tolling. For the reasons outlined above, the Court has thoroughly reviewed the record and found Movant has not made a good-faith allegation that would entitle him to

equitable tolling.

Movant's claims also do not assert actual innocence.

## VI. CONCLUSION

Based on the above analysis, the Court finds that Movant's claims are untimely. The Court will therefore recommend that the Motion to Vacate (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of

///

///

///

the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 21st day of February, 2017.

_____
Honorable John Z. Boyle
United States Magistrate Judge